v. U.S. Mr. Windus, whenever you're ready. Good morning, Your Honors. May it please the Court. My name is Robert Windus, and I'm here on behalf of Plaintiff Appellant Bell Heery, a joint venture. And may I begin by requesting two minutes for rebuttal. Your Honors, we're here today on an appeal of a decision granting a motion to dismiss for failure to state a claim. Now, this case is before the Court on a de novo review and reviewing the sufficiency of the complaint filed in this matter. Do you agree that in order to prevail, you need to demonstrate that there was some duty or obligation by the government to do something under the contract that it failed to do? Not in all cases, Your Honor. Under this contract, it was expected that not only that the government had a duty or obligation under certain contract provisions cited in our briefs, 1415 and C-4. However, separate and distinct from that, there is also the anticipation and the expectation as represented, as set forth in the contract, that this is going to be a cut to fill site. Now, the actions of the State Authority and the requirements they had changed the nature and scope of that design and construction. That's one provision of the contract. There's another. And really what we're talking about here is the State of New Hampshire enforcing one of its regulations and permitting regulations, correct? The State of New Hampshire was enforcing one of its permit regulations. Okay. So when I look at the contract, at the Permits and Responsibilities Clause, it seems to me that it's very clear, in very plain language, that it puts the risk of obtaining necessary licenses with no additional expense to the government. It puts that risk squarely on the shoulders of the contractor. Your Honor, I think the cases state that the risk of the Permits and Responsibilities Clause is not unlimited, and it must be interpreted based on the provisions of the contract as interpreted in their totality. In this case, separate and distinct from the duties under the contract that the government had, it failed. I understand that, and you're asking us to look at other contractual provisions and to read into them responsibilities and duties. But can you point to another contractual provision that, in the same type of clarity under the Permits and Responsibilities Clause, that places a duty or obligation on the government to share in this expense? The contract comes into play as represented in the complaint. It's stated in the complaint, I think it's paragraph 15, and also explained in paragraph 24 through 28, and in other places, that this is a design-build contract, and it was represented as a cut-to-fill site. The actions of the State changed the nature and scope of this design and construction so it couldn't be constructed in this manner. It's very similar, Your Honor, to the cases we cite, ABC demolition, DRABCO, and ODERBECK. In those cases, the ABC demolition had to do with site access that was supposed to happen that did not happen, and the scope and the nature of the work changed. Same with DRABCO, that had to do with stockpiling, of where you could stockpile because of certain permits and requirements of state agencies, third parties. The contractor's scope and operation, as reasonably expected and as set forth in the contract, was changed. I can see that in most circumstances, but a lot of those circumstances involve unforeseeable changes or things of that nature. Here, we are looking at the cost of obtaining the necessary permits, and it seems to me that your client obligated itself to do that. In fact, at some point, he even wrote a letter saying that you agreed that contractors indeed accept the allocation of risk for certain costs of performing the contract in compliance with New Hampshire law. Your Honor, that is correct. That is certain costs of complying with the law and of getting the contract, but there are certain other costs that we did not sign up for. And your Honor points out whether the cases show that something was unforeseeable. Here, the way the state authority moved forward, this one's unforeseeable, as our complaint states and as some of the cases cite to contractors who did not do their due diligence. That's a risk that you assumed, isn't it? You assumed that the legal landscape existed the way you understood it to at the signing of the contract. And now you're arguing that the legal landscape somehow changed. Two issues there, your Honor, as far as what was assumed under the contract. We assumed we could operate as represented in the contract as a cut-to-fill site, and we would get that permit. And that was a reasonable assumption based on the experience of the design engineer, and also of the prime contractor, and also of the earthworks subcontractor is probably one of the most experienced earthworks subcontractors in New Hampshire. These parties have experienced a statement in the complaint and had done jobs of the same nature, scope, and size when they were building this job. This was an anomaly. This was driven by, in all intents and purposes, some rogue inspector of the New Hampshire Department of Environmental Services. And under the contract... Can I just ask you for clarity? I mean, you cited us to paragraph 15, which refers to it was a cut-to-fill site. Yes, Your Honor. Under what count, I mean, your count started paragraph 83, right? Where is this under the count? The counts are incorporated. The prior counts, all the paragraphs, paragraph 15 is incorporated by reference in all of our counts. So count 3... So you're saying that you're alleging what with respect to the cut-to-fill site, that that was a breach of contract and that was a breach of the duty? Your Honor, I would allege that it was constructive change to the contract under the changes clause, because it changed the nature and the scope of the... So that's count 5? That would be count 5, yes, Your Honor. In change and constructive, it would be considered a constructive change. And there are a number of other issues that would be considered a constructive change. What is that? Did the government guarantee that there would be no change in the one-step landfill? Your Honor, I would argue it's just as much as a warranty that has been represented in some of the other cases. A warranty that you would have a certain layout area. A warranty that you would have certain access, egress to West Potomac Park when you're building... A warranty is something that's expressed, correct? Your Honor, it was expressed in the solicitation which we have to do our design to and our building to, and which we, in fact, did our design and build to, that is a cut-to-fill site. But the Court of Claims judge construed, if we're talking about the constructive change thing, he said you can only get constructive change when it's by the government, when it's imposed by the government. And here you only said the changes were demanded by DES, and so you dismissed the claims. Why is he wrong? This brings in the other aspect of the case, Your Honor, about the government's involvement and the FBOP's involvement in the nature of the permits and the requirements. When the permitting authority and the contract contemplates the working together of both of these parties in the permitting process... Wait, I'm sorry. Do you agree that the standard is the changes have to have been effected by the government? They have to be effected either through the government's action or inaction or implicitly agreed to by the government. But you're not saying that the government made the changes. You're saying that the government didn't fight against them. The government did not participate in the permitting process. It didn't help you out. Well, under the terms of the contract, we're supposed to get, under the permits clause, we get the permit. But the process of us getting the permit and that whole permitting process under this contract is a bit different. Under section 01415D sub A, E, and F, both in the design and the construction, the contractor is to work in conjunction with the owner. And in fact, it even contemplates... Well, let's say that that happened, that everybody came to an agreement. Okay, let's go forward. We're going to have a one-step cut-to-fill operation here. And the government is in agreement. We're all set. You rely on your subcontractors as to what permitting is required. They told you we're all set to go with this type of operation. You move forward. Then the state of New Hampshire steps in and changes this on you with this inspector. It wasn't the U.S. government at that time that changed it, was it? The state of New Hampshire steps in with this inspector. And, according to the contract, the government, in conjunction, or Bellheary, in conjunction with the government, when that inspector makes recommendations concerning measures that should be taken in the construction or alteration of the project to account for local conditions, this is 01415 subparagraph F, that's exactly what's happening here. The contractors, it says, even repeats under F, the contractor in conjunction with the Bureau's management team are to give due consideration to subcommitments and are to ensure written response is made. And also, similarly, under RFP section C4 sub E, in that provision, even goes farther, that says when those responses are made, or when something is directed or recommendations are made to account for local conditions, in no case are the comments or recommendations of these officials to be implemented into the development without the approval of the FBOP. That's the contract provisions that the FBOP did not comply with. Now, they give rise to a breach of contract. They also give rise to a breach of the duty of cooperation, both to work with us and to assist us, and also give rise to when these problems create a duty to administer the contract, which is another piece of their duty of cooperation, a good faith and fair dealing. And when those are breached, it's a breach of contract for the provisions that we've just cited, as well as a constructive change, which has been interpreted to be when the government does not fulfill its obligations of good faith and fair dealing. Now, we talked about the Permanent Responsibilities Clause not being all-inclusive, and I've already covered 1415 subparts and also RFP C4. I will say that if you look also at the cases that are cited and relied upon by the government, in those cases, specifically the Madison case, the contractors often are doing something that has created the problems that they are facing on the project. In the Madison case, there was ample places to go and sites to use. In that case, the contractor decided on its own to go off the map, if you will, get its own place, and then complained about what happened afterwards. This is not the case. This is a case of unforeseen circumstances that arise out of the permitting process, the process that the government was required to take part in and didn't, thus breaching the contract and their duties of good faith and fair dealing, and absent those duties, which we would submit there is no absenteeism of those duties, then regardless, similar to the DRAFCO and OVAC and ABC demolition, there were circumstances that were not foreseeable with this permitting process that then resulted in the contractor incurring additional costs because the scope and nature of the project was different from that expected and represented in the contract. Thank you. Can we hear from the government? Ms. Lynch? Thank you, Your Honors. May it please the Court. Because the trial court here properly dismissed Belheri's complaint for failure to state a claim, we respectfully request the Court affirm the trial court's dismissal. As the trial court recognized, and this Court recognizes, the Permits and Responsibilities Clause placed the risk of difficulties in the permitting process entirely on Belheri, not the government. Nothing else in the contract, and importantly for this case, nothing else alleged in plaintiff's complaint trumps the clear allocation of risk. There are no allegations in the complaint that the Bureau of Prisons warranted Belheri's ability to have complete discretion in the permitting process, and there are no allegations that the government took affirmative steps to frustrate the performance, and that's what happened in the cases of Odebrecht, ABC demolition, and Drago Corporation that Belheri relies on. If the government didn't do anything, even after they were asked, and were the owners of property and saw that this was allegedly an outrageous act by a rogue state agent, isn't that the same as affirmatively interfering? Well, there's nothing that the government could have done because in the contract... Well, we don't know. This was dismissed as an issue. We haven't had a trial yet, but those are the allegations. Yes. Well, the clear allocation of risk is placed on the contracting party, on the contractor. The Permits and Responsibilities Clause states that the contractor shall, without additional expense to the government, be responsible for obtaining any necessary licenses and permits, and for complying with any federal, state, and municipal laws, codes, and regulations applicable to the performance report. We're familiar with that, but what about those other clauses and how they interact with this one? Well, the Technical Data Guidance Section 01415 puts the sole responsibility on the contractor to work and obtain all of the necessary permits, and the Changes Clause authorizes the contracting officer to issue change orders, but you have to have an actual order by the government, and in this case, the change needs to be made by the government. And in this case, the changes alleged by Belhiri were all made by the New Hampshire Department of Environmental Services. But by its silence, doesn't the government affect the change? The government cannot affect the change. And we're talking about enough facts to support the allegation. I mean, we're not talking, we're not, this argument here is not about whether Belhiri wins the case, it's whether they can actually even proceed to trial, right? That is correct, Your Honor. But again, it's the Permits and Responsibilities Clause that places all of this risk on Belhiri as the contractor, whether they foresaw the... Well, it does, but that doesn't necessarily say that the risk can't be shared. I mean, the building, this is a prison that's being built for the federal government. It is, Your Honor. Why would the government just sit back and allow all this to happen and not do anything? Based on the plain language of the Permits and Responsibilities Clause, which placed that risk on the contractor, that allocated that cost solely to the contractor. Well, doesn't that kind of play the normal course in a permitting process? And this sounds like an extraordinary situation, where you have this person with this power to cause millions and millions of dollars of extra costs because of outrageous demands. Well, Your Honor, it doesn't necessarily... This is exactly why this clause is in here, because the government has no way of knowing what the state permitting authority is going to do. The government can't influence the state permitting authority. So this clause is in there. But I don't think they even tried. They didn't do anything. Well, again, as the allegations in the complaint make clear, Belhiri just simply informed the government of what was going on and continued to keep the government notified of the course of actions and the course of dealings that the contractor, as was contemplated by the contract, had with the state of New Hampshire. They filed a letter with the government saying, we hereby put you on notice that this is going on, we're spending the money, it's jeopardizing the project. Isn't that putting them on notice? I need you to help me, because under the Changes Clause, there's been a constructive change here, and we need to respond to it together. This is your prison. Well, again, Your Honor, respectfully, the Changes Clause has to be a change that is directed and advocated by the government. And in this case, all of the changes, as evidenced by Belhiri's complaint... Those are expressed changes. Can we find that there's a constructive change just by allowing a change to occur through silence, or maybe enforcing the change? Well, in the only instance that there's a 30-year-old case that deals with inaction, that is simply not enough here, because it has to be an action by the government in order to bring them under the rubric of the Changes Clause to obtain this equitable adjustment, especially in light of the fact that the Permits and Responsibilities Clause clearly allocates the cost of obtaining permits and complying with permitting authorities solely on the contractor. Is it the government's view that if, indeed, there's a state rogue agent or someone who's not really enforcing appropriately the state law, that the contractor then should be grieved against the state? If that would be appropriate, yes, Your Honor. And to the extent that Belhiri alleges a breach of the duty of good faith and fair dealing, that is not appropriate in this case, whereas here the plain language of the contract clearly allocates the cost of obtaining the permit to the contractor, and there are certainly... The duty of good faith and fair dealing cannot expand or contradict the express terms of the contract. For these reasons, and the reasons outlined in our brief, we respectfully request that the Court affirm the trial court dismissal. Briefly, Your Honors, I would just like to submit, Judge Ray had it correct in that we have alleged facts to support the allegations, and in fact I must allege facts to give the government fair notice of the claim that I might prevail. That's what I have to meet at this leading stage. There is a lot more in this case that will and should and must be developed and that is further down the road. As far as what has gone on in... As far as what has been pled in the complaint, the submission is sufficient to justify a reversal of the Court's decision down below because the Permits and Responsibilities Clause didn't have unbridled, complete and unlimited risk placed upon the contractor in this case. You referenced a rogue inspector. Are you saying that New Hampshire was acting outside of the law? Your Honor, in these inspection circumstances, it's not a... There is not a clear, bright line on how things are going to be done. In the initial permit amendment, there was the... Was the inspector acting outside of the law? We would say that the law is properly interpreted with respect to proper engineering practices. It was requiring things to be done that did not need to be done. Did you claim against the State of New Hampshire? I beg your pardon, Your Honor? Isn't it a gripe then with the State of New Hampshire? Bell-Heary's gripe is not with the State of New Hampshire. Bell-Heary's gripe is with the contracting party of the United States government. Bell-Heary applied for the permit as an agent for the United States government. If somebody from the government of New Hampshire has acted outside of the law, how is that the responsibility of the U.S. government? Because the U.S. government is building this project on the U.S. government's land. And I would give you, for example, if the inspector came in and said, I've inspected the site, U.S. government, and now because of this, you cannot develop on this site except for this patch, which makes it only a 100-bed prison instead of a 300-bed prison. Now, certainly, the United States government, at that point, the contractor wouldn't, it wouldn't matter to the contractor. At that point, certainly, the United States government is the one that has a... Would it make a difference in this case if you had added the State of New Hampshire as a defendant? I don't know if I could, if I, as the contractor, could make the State of New Hampshire as defendant. My contract is with the United States government, and that's why I filed suit in the claims court, because of the actions and the changes to that contract. That's why, when we're going through this process, and the process was ongoing, the government was requested to get involved, and the court asked a very good question, a pointed question, that why did the... Why would it just sit back and allow it? Because under these circumstances, it wasn't being harmed per se. Its harm would be through our claims. If it was a more direct action result... One final thought. Yes, Your Honor. Your time is up. Oh, I'm sorry. Thank you. That concludes the proceedings. The case is submitted.